**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE ISAIAS SANCHEZ-
SIQUINA; JULIANA DALILA LOPEZ-
YAC DE SANCHEZ; BRYAN ISAIAS
SANCHEZ-LOPEZ; JESSICA ARACELY
SANCHEZ-LOPEZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1037

Agency Nos.
A209-121-785
A216-579-208
A216-579-209
A216-579-210

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2023**
Portland, Oregon

Before: RAWLINSON and SUNG, Circuit Judges, and RAKOFF, District
Judge.***

Petitioners Jose Isaias Sanchez-Siquina, Juliana Dalia Lopez-Yac de

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Sanchez, and their two minor children,[1] natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

We review the BIA's factual findings, including credibility determinations, for substantial evidence. *See Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014), *overruled on other grounds by Alam v. Garland*, 11 F.4th 1133, 1136 (9th Cir. 2021). Because the BIA, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), adopted and affirmed that IJ's decision with respect to asylum, withholding, and relief under CAT, we review the IJ's decision on those issues as if it were the BIA's. *Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009).

1. The BIA's adverse credibility determination is supported by substantial evidence. Under the REAL ID Act, "[i]nconsistencies no longer need to 'go to the heart' of the petitioner's claim to form the basis of an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). The BIA need only "provide 'specific and cogent reasons' in support of an adverse credibility determination."

---

[1]     Jose Isaias Sanchez-Siquina is lead applicant, Juliana Dalia Lopez-Yac de Sanchez is his wife and derivative applicant, and their two minor children are derivative applicants. They collectively appeal the BIA's dismissal.

*Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2009). In this case, the IJ provided "specific and cogent" reasons for finding Petitioners not credible. Specifically, the IJ cited Petitioners' inconsistent and confusing testimony regarding the details of the threats and the kidnapping, including how the extortion occurred and when lead Petitioner was kidnapped.

2. The adverse credibility finding is sufficient to support a denial of asylum and withholding of removal. Although the adverse credibility finding is not necessarily fatal to Petitioners' CAT claim, *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020), the IJ and BIA found that the country conditions report and letter from Petitioner's parents did not establish a more-likely-than-not probability of torture to Petitioners themselves. The record does not compel a contrary conclusion, and thus the denial of CAT relief is also supported by substantial evidence.

3. Petitioners' argument that the BIA did not consider the documentary evidence supporting Petitioners' application for asylum and withholding is not supported by the record. The IJ noted that it was "mindful that the parents of the lead respondent wrote a brief letter." It went on to explain why the letter did not "serve to cure the deficiencies" in Petitioners' testimonies. *Ibid*.

4. The BIA did not err by not giving Petitioners notice to provide corroborating evidence. When an IJ gives a petitioner the opportunity to explain testimony and still finds that – after considering the totality of the circumstances and all relevant evidence – the petitioner is not credible, the IJ has "no

3

obligation to give [the petitioner] an additional opportunity to bolster her case by submitting further evidence." *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). Here, the IJ provided Petitioners the opportunity to explain their inconsistencies and considered the totality of the circumstances and record. *See also Mukulumbutu*, 977 F.3d at 927 ("Because the IJ found Mukulumbutu's testimony not credible, the IJ was not required to give Mukulumbutu notice and an opportunity to provide additional corroborating evidence.").

**PETITION DENIED.**